must have a date and there is no connection between the dates applying to the dealer and the act which is charged to be unlawful. Therefore our conclusion is that upon this point under discussion there is an utter failure to charge the time of the commission of the offense charged against the plaintiff in error.

Again if we will examine the affidavit as to its sufficiency we find that notwithstanding the offense named in the statute applies to a dealer engaging in the business prohibited, yet the affidavit instead of charging the offense named in the statute, alleges an unlawful failure to file a certificate and bond with the Tax Commission of Ohio.

From a reading of the statute it is plain that the commission of the offense is not the failure to file the certificate. It is the engaging in the business denominated as unlawful by the statute. The only connection which the failure to file the tax has with the engaging in business is that the business shall not be engaged in by the dealer unless he has filed with the Tax Commission the certificate as provided by 5528 GC.

Thus, the charge in the affidavit does not apply to the offense as defined by the legislature but only to that qualifying clause or condition which relates to the filing of the certificate mentioned in the statute. Thus upon this point also we hold that the affidavit is insufficient in law, because the offense itself is not charged but merely that portion of the offense which is a qualifying clause or condition which determines whether the law has been complied with or violated.

Upon the question as to whether the court committed error by adding up the fines of each day and assessing the total, we are of the opinion that there is no warrant in law for the grouping of the offenses under one general sentence where the law, as in this case, distinctly and directly prescribes that each day shall constitute a separate offense. If the separate offenses had been charged separately under one affidavit there would not be so much ground for the assertion of error but inasmuch as each offense was added to the others and a sentence made upon the total, it is clear that there is no authority for such a procedure.

Different offenses of the same character may be charged under one indictment but they must be separately and distinctly numbered and stated and not appear in mass formation so to speak.

Holding these views it is our judgment that no offense has been charged in the affidavit under the section of the statute named and that therefore the conviction is unlawful and inasmuch as the cause of reversal is based upon this reason the plaintiff in error is not immune from answering to the law when proper charges are made under the provisions of the statute herein discussed.

The judgment of the lower court is therefore reversed and the plaintiff in error discharged.

Vickery, PJ, and Levine, J, concur.

BALTIMORE & OHIO RD CO v P U C
PENNSYLVANIA RD CO v P U C

Ohio Supreme Court
Nos 21636 & 21647. Decided June 4, 1930

Marshall, CJ., Kinkade, Robinson, Jones, Day and Allen, JJ., concur.

COLUMBUS, DELAWARE & MARION ELECT CO v O'DAY, Admrx.

Ohio Supreme Court
No 22134. Decided June 4, 1930

